JANE DOE
#4300 P O BOX 1679
Sacramento, CA 95812



In pro per

## U.S. BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| In re David Glenn Danon,  )<br>  )<br>         Debtor,  )<br>  )<br>JANE DOE,  )<br>  )<br>         Plaintiff,  )<br>  )<br>  )<br>         vs.  )<br>  )<br>David Glenn Danon,  )<br>         Defendant  )<br>_____) | Case No.  2:23-bk-10350-BR<br>Chapter 7<br>Adv. Proc. No. _____ |

### ADVERSARY COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT

JANE DOE, plaintiff herein, alleges:

1. This is an adversary proceeding to determine dischargeability of debt.

2. This adversary proceeding is brought in connection with defendant's case no.2:23-bk-10350-BR under Chapter 7 of Title 11 of the United States Code [now pending in this court]. This court has jurisdiction over this proceeding under Title 11 of the United States Code Section 523(c) and Title 28 of the United States Code, Sections 157(b) and 1334. This adversary proceeding is a "core proceeding" as provided in Title 11 of the United States Code, Section 157(b)(2)(1).

1

3. Defendant/debtor is an individual and seeks discharge herein under Title 11 of the United States Code, Section 523(a)(6), which prevents a debtor from obtaining the discharge of any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." It would be unfair to allow a debtor to have a particular debt discharged and the Bankruptcy Code prohibits discharge of such debts. One example of such a nondischargeable debt is the so-called willful and malicious injury exception.

4. Creditor was granted two judgments against Defendant which are nondischargeable – both are for intentional torts – a ***Judgment for $9,999 plus 10% interest per annum for intentional torts of battery and assault, and intentional infliction of emotional distress***, which was Ordered 01-17-2019 (on 07-07-2022 defendant/debtor lost his appeal of that Judgment in the Superior Court, and on 12-15-2022 defendant/debtor's appeal-of-his-appeal of that Judgment in the Second Appellate Court was dismissed as nonappellable), and – a ***Judgment for $120,000 plus 10% interest per annum for intentional torts of Sexual Battery in Violation of Cal. Civ. Code § 1708.5, Gender Violence in Violation of Cal. Civ. Code § 52.4, Ralphs Civil Rights Act--Violation of Cal. Civ. Code § 51.7, For Battery, For Assault, Interference with Exercise of Civil Rights—Violation of Cal. Civ. Code § 52.1, Intentional Infliction of Emotional Distress, Stalking***, Ordered 12-12-2022, plus other costs in the Judgment (defendant/debtor offered and agreed to pay Credtior this Judgment during a binding Mandatory Settlement Conference in front of a judge in the Beverly Hills Courthouse on 09-02-2023).

5. ***Plaintiff/Creditor has an automatic ORAP lien on all of defendant's property*** as of the time defendant was served by sheriffs at his home in Long Beach, CA with an Order to Appear for a Debtor's Examination on 08-15-2022 for the $9,999 Judgment, and on 12-27-2022 for the $120,000 Judgment.

6. The debt of defendant to Plaintiff for these judgments plus interest and costs is nondischargable under Section 523(a)(6) of Title 11 of the United States Code. A debt deemed nondischargeable under Section 523(a)(6) based on a prior state court judgment includes interest accruing at the state rate, even after the bankruptcy court determines the debt to be nondischargeable. [*In re Hamilton* (9th Cir. BAP 2018) 584 BR 310, 323].

WHEREFORE, Plaintiff prays:

1. That this court make a determination that the indebtedness of defendant to Plaintiff is nondischargeable;

2. For interest and costs; and

3. For such other and further relief as to the court seems proper.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 03-01-2023                                    By:_____

                                                    JANE DOE, in pro per

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**RECEIVED**
MAR 0 6 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ Deputy Clerk

| PLAINTIFFS<br><br>JANE DOE | DEFENDANTS<br><br>David Glenn Danon |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) Anerio V. Altman<br>Lake Forest Bankruptcy<br>PO Box 515381<br>Los Angeles, CA 90051 |
| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

nondischargeability of debts pursuant to 11 U.S.C. § 523

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR | David Glenn Danon || BANKRUPTCY CASE NO. | 2:23-bk-10350-BR |
| DISTRICT IN WHICH CASE IS PENDING | CENTRAL | DIVISION OFFICE  7 | NAME OF JUDGE | BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING ||| DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 03-01-2023 | JANE DOE |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.